UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NICHOLAS CHALUPA,<br>Individually and on Behalf of All Other<br>Persons Similarly Situated,<br><br>*Plaintiff*<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:12-cv-10868-JCB |

**PLAINTIFF'S UNOPPOSED APPLICATION FOR AN AWARD OF ATTORNEYS'
FEES AND COSTS AND AN INCENTIVE AWARD**

Plaintiff Nicholas Chalupa ("Plaintiff") respectfully submits this application for an award of attorneys' fees and costs and an incentive award.

The history of this action is set forth in Plaintiff's memorandum in support of final approval of the Settlement, which has been submitted concurrently with this motion. As a result, Plaintiff and Plaintiff's Counsel will not burden the Court with repeating that background here. The record details the efforts of Plaintiff and Plaintiff's Counsel in prosecuting this action on behalf of the Class in an efficient manner and that has resulted in the significant recovery that has been submitted to the Court for final approval. As detailed below, Plaintiff and his counsel respectfully submit that the requested attorneys' fees and costs and requested incentive award are reasonable and should be granted.

**I.    The Requested Attorneys' Fees and Costs Are Reasonable**

Plaintiff brought this action pursuant the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150. That statute contains a fee-shifting provision that provides a plaintiff the ability to

recover reasonable attorneys' fees in connection with the successful prosecution of his or her claim.  M.G.L. c. 149, § 150.  Because the requested fee award will be paid separate and apart from the Settlement Fund, the requested fee award should be evaluated using a "lodestar" analysis.  *Joyce v. Town of Dennis*, 720 F.3d 12, 26-27 (1st Cir. 2013) (citing *Fontaine v Ebtec Corp.*, 415 Mass. 309, 613 N.E.2d 881, 890 (1993)).  The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001) (quoting *Hensley v. Eckert*, 461 U.S. 424, 433 (1983)).  As the First Circuit observed, "a fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorney's fee under State law as well as Federal law."  *Joyce*, 720 F.3d at 26 (citations omitted).

Plaintiff's Counsel submit that the fee request of $136,500 is more than reasonable in light of the relevant factors.  The requested fee is far less than counsel's actual lodestar to date, the benefits conferred upon the Class are very favorable, the action was litigated at risk on a contingent fee basis, there are no objections by any Class Members, and counsel are highly experienced in wage and hour and class action cases.

As detailed in Plaintiff's memorandum in support of final approval, the Settlement is estimated to be approximately 100% of the single damages potentially recoverable if the case went to judgment.  In addition to the recovery being significant, the amount to be paid to Class Members is not reduced by fees and expenses, which as noted are to be paid separately.  The settlement also avoids the risk of litigation and provides Class Members with a recovery now instead of awaiting possibly years of further litigation.

Further, the requested fee award is significantly lower than Plaintiff's Counsel's actual lodestar in connection with the prosecution of this case to date.  Specifically, Plaintiff's Counsel

lodestar through December 20, 2013, was $242,596, which does not include time spent on the preparation of this fee application or additional time that will be spent in overseeing administration of the settlement. Plaintiff's Counsel's summary lodestar information is set forth in the accompanying Declarations of Thomas Shapiro and Mark Stern.[1]

Plaintiff's Counsel conducted a thorough investigation of the law and facts underlying the claims in advance of preparing and filing the complaint, including meeting with Plaintiff, reviewing documents and conducting legal research. After the filing of the complaint, Plaintiff's Counsel obtained extensive discovery from Defendant, analyzed hundreds of pages of documents, had numerous discussions with Plaintiff concerning his experience with UPS relative to the claims at issue, prepared Plaintiff for his deposition, defended Plaintiff at his deposition, conducted additional legal research, produced documents from Plaintiff, and participated in multiple settlement discussions with UPS's counsel, which ultimately resulted in the Settlement before the Court.

Moreover, there will be additional issues that arise throughout the administration of the Settlement that will require the attention of Plaintiff's Counsel. Thus, the number of hours reflected in the Declarations do not fully capture all the time that Plaintiff's Counsel will have expended by the time that administration of the Settlement is completed. In addition, the fee request is inclusive of Plaintiff's Counsel's out-of-pocket expenses, which to date are $1,232.40. Shapiro Decl., ¶ 17; Stern Decl., ¶ 12.

The fact that the fee request is similar in amount to the recovery for the Class is of no consequence. In fact, the First Circuit recently recognized that the "fee award need not be

---

[1] *See* Declarations of Thomas G. Shapiro ("Shapiro Decl.") and Mark D. Stern ("Stern Decl.") filed herewith. Plaintiffs' Counsel are happy to provide more detailed records of the time spent on a daily basis, should the Court require more specific information.

proportionate to the damages recovered", particularly where the underlying statute in question, like here, is designed to protect the public interest in the prosecution of claims through competent counsel. *Joyce*, 720 F.3d. at 27; *cf Allende v. Unitech Design, Inc.*, No. 10-4256, 2011 WL 891445, *1 (S.D.N.Y. Mar. 15, 2011) ("In FLSA cases, like other discrimination and civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights") (citing *Grochowski v. Ajet Constr. Corp.*, No. 97-6269, 2002 WL 465272, *2 (S.D.N.Y. Mar. 27, 2002) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.")).[2]

Third, the reaction of Class Members further supports the fee request. The Settlement Administrator mailed the notice to all Class Members, informing them of Plaintiff's Counsel's intention to request a fee and expense award of $136,500. Affidavit of Michael Rosenbaum Re: Dissemination of Notice and Request for Exclusion ("Rosenbaum Aff."), ¶ 3. The notice further

---

[2] *See also City of Riverside v. Rivera*, 477 U.S. 561, 576-580 (1986) (rejecting argument for rule limiting attorneys' fees to proportion of the damages awarded); *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (noting common practice for fees to exceed amount of recovery in FLSA cases; affirming $129,805.50 in fees on $23,357.30 award); *Cox. v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming $9,250 fee on $1,281 award); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming $100,000 fee in connection with $18,455 recovery); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (rejecting proportionality argument and stating fee provisions of FLSA "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements."); *Pyczynski v. Kirkland's Stores, Inc.*, No. 6:07-cv-802, 2008 WL 544864, *5-6 (M.D. Fla. Feb. 26, 2008) ("Given remedial nature of claims under the FLSA and the remedial purpose of the Act, is not uncommon that the attorneys' fees will exceed the amount recovered by the plaintiff"; awarding $3,827.50 in fees on $681.11 award); *Norris v. Murphy*, 287 F. Supp. 2d 111, 114, 119 (D. Mass. 2003) (awarding fees of $45,451.36 on $1 award); *Martino v. Mass. Bay Transp. Auth.*, 230 F. Supp. 2d 195, 207 (D. Mass. 2002) (awarding $76,977.50 in fees in connection with $50,000 recovery); *Fegley v. Higgins*, 19 F.3d 1126 (affirming fees of $40,000 in connection with $7,680 award); *Hoffman v. S. Garber, Inc.*, No. 92C3535, 1993 WL 189623, *3 (N.D. Ill. June 2, 1993) ("no question that a prevailing party under the FLSA may recover fees that exceed the amount of the judgment in its favor"; awarding $10,679 fee following $1,300 settlement).

informed Class Members that they could object to the proposed fee and expense request. *Id.* at Ex. A, ¶¶ 8, 13. Not one of the Class Members has objected to the amount of the requested attorneys' fees and expenses, or to the Settlement generally. That none of the Class Members have objected to the fee request is a substantial factor in favor of granting Plaintiff's Counsel's requested attorneys' fees.

Fourth, Plaintiff's Counsel are highly experienced and skilled in the litigation of class actions, including wage and hour class actions, as detailed in the Shapiro and Stern Declarations.

Plaintiff's Counsel respectfully submit that in light of the excellent results achieved, the amount of time that Plaintiff's Counsel has spent prosecuting the action, the experience of Plaintiff's Counsel with both wage and hour litigation and class actions, and the lack of any objection to the fee request from any of the Class Members, the fee requested is fully reasonable.

## II.     The Court Should Approve the Requested Incentive Award

The Settlement contemplates an incentive award to Plaintiff not to exceed $3,000, in recognition of the initiative he showed in undertaking this action for the benefit of the Class Members, and the substantial assistance he provided to Class Members and Plaintiff's Counsel throughout the litigation, including sitting for his deposition, conferring with counsel and producing documents. This proposed additional compensation for the Plaintiff was disclosed to the Class Members in paragraph 14 of the Notice, and no Class Member objected to it. Rosenbaum Aff., Ex A. ¶ 14. This favors granting the proposed additional award to Plaintiff.

"Incentive awards are recognized as serving an important function in promoting class action settlements. . . ." *In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 98 (D. Mass. 2005)(Young, J.) (citations omitted). In an ERISA action, Judge Young awarded each of four plaintiffs $10,000 out of the settlement fund. *Stein v. Smith*, C.A. 01-10500-WGY (D. Mass. Oct. 19,

2005).  Judge Stearns approved $100,000 in incentive payments to class representatives, noting that "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided".  *In re Lupron Mktg. & Sales Practices Litig.,* 2005 U.S. Dist. LEXIS 17456 (D. Mass. 2005).  *See also Olmeda v. AM Broadband,* LLC, No. 3:06-cv-30051-KPN, Doc. No. 141 at 4 (D. Mass. Oct. 14, 2009) (awarding additional compensation of $7,500 to plaintiff); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding incentive awards ranging from $35,000 to $50,000 and citing cases); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (granting request for $25,000 incentive award); *Winnell v. Couto*, No. 09-15070-BLS2 (Mass. Super. Ct. Feb. 9, 2011) (awarding additional compensation of $10,750 and $5,000 to representative plaintiffs).

In this district Judges Gorton, Zobel, and Keeton and Magistrate Judge Neiman have awarded amounts of $4,000, $5,000, $10,000 and $7,500, respectively in overtime cases.  *See Kane v. Gage Merchandising Servs., Inc., et al.*, C.A. No. 00-40185 (NMG) (D. Mass. May 22, 2002); *Loughran v. United Servs. Automobile Ass'n, Inc.*, C.A. No. 00-12387 (RWZ) (D. Mass. Oct. 19, 2002); consolidated cases *Dooley v. Liberty Mutual Ins. Co.*, C.A. No. 01-11029-REK and *McLaughlin v. Liberty Mutual Ins. Co.*, C.A. No. 03-10316-REK (D. Mass. Dec. 21, 2005); *Olmeda v. AM Broadband, LLC*, No. 3:06-cv-30051-KPN, Doc. No. 141 at 4 (D. Mass. Oct. 14, 2009).

The considerable initiative and efforts undertaken by Plaintiff during the course of this litigation to assist counsel in the prosecution of this case are detailed in the accompanying Declarations of Nicholas Chalupa and Mark Stern.  The declarations provide more than adequate support for the requested incentive award.  To summarize, Plaintiff spent many hours performing tasks that were critical to the successful resolution of this litigation, including contacting counsel

and initiating the lawsuit, assisting counsel in gathering information about UPS's practices, producing documents in response to document requests and sitting for a deposition.

The award requested for the Plaintiff is made even more appropriate by the fact that the proposed incentive award would be separate from the Settlement Fund and not decrease the Class's recovery in any way.

### III. Conclusion

For all the reasons stated above, Plaintiff respectfully requests that the Court approve the requested attorneys' fees and costs of $136,500 and an incentive award of $3,000 to Plaintiff.

Dated:  January 10, 2014                         Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　 **/s/ Thomas G. Shapiro**
　　　　　　　　　　　　　　　　　　　　　　Thomas G. Shapiro (BBO# 454680)
　　　　　　　　　　　　　　　　　　　　　　Adam M. Stewart (BBO# 661090)
　　　　　　　　　　　　　　　　　　　　　　SHAPIRO HABER & URMY LLP
　　　　　　　　　　　　　　　　　　　　　　53 State Street
　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02109
　　　　　　　　　　　　　　　　　　　　　　Telephone:  617-439-3939
　　　　　　　　　　　　　　　　　　　　　　tshapiro@shulaw.com
　　　　　　　　　　　　　　　　　　　　　　astewart@shulaw.com

　　　　　　　　　　　　　　　　　　　　　　Mark D. Stern (BBO # 479500)
　　　　　　　　　　　　　　　　　　　　　　Mark D. Stern P.C.
　　　　　　　　　　　　　　　　　　　　　　34 Liberty Avenue
　　　　　　　　　　　　　　　　　　　　　　Somerville, MA 02144
　　　　　　　　　　　　　　　　　　　　　　Telephone: (617) 776-4020
　　　　　　　　　　　　　　　　　　　　　　mds@attorneymarkdstern.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Nicholas Chalupa and the putative class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 10, 2014         **/s/ Thomas G. Shapiro**
                 Thomas G. Shapiro